Bingham McCutchen LLP
ROBERT A. LEWIS (SBN 83630)
robert.lewis@bingham.com
ALAN R. BERKOWITZ (SBN 50112)
alan.berkowitz@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendant
Claudia Shipman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JLT AEROSPACE (NORTH AMERICA), INC., a corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>CLAUDIA ROCKSETH-SHIPMAN,<br><br>           Defendant. | No. C 07-5099 (JSW)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**(Fed. R. Civ. P. 12(b)(6)**<br><br>Date:     March 14, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 2, 17th Floor<br>Judge:   Hon. Jeffrey S. White |

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST**

**AND THIRD CAUSES OF ACTION**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 14, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White, in Courtroom 2 of the above-captioned court, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Claudia Shipman, erroneously sued as Claudia Rockseth-Shipman, will and hereby does move for an order dismissing the first and third causes of action in the Complaint filed

against her by plaintiff JLT Aerospace (North America), Inc. ("JLT").  Ms. Shipman moves for dismissal of JLT's first cause of action for breach of contract and third cause of action for breach of the implied covenant of good faith and fair dealing on the grounds that Ms. Shipman had no written contract of employment with JLT and the employee handbook upon which JLT purports to base these claims is not enforceable against Ms. Shipman.  This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Claudia Shipman, all papers and records on file herein, and on all oral and documentary evidence as may be presented at or before the time of the hearing on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

This case is about a few JLT executives who harassed, demeaned and underestimated an employee, Claudia Shipman, then informed her she was being terminated, and now cry foul upon finding out that the clients with whom Ms. Shipman had longstanding relationships prefer to work with her rather than them.  Finding themselves at a loss to understand how Ms. Shipman could have convinced her longstanding clients to join her and her new employer, these JLT executives assume and assert that she competed illegally.  She did not, and none of JLT's claims has merit.

Ms. Shipman here seeks dismissal of two of JLT's claims.  The Court should dismiss the first cause of action for breach of contract and the third cause of action for breach of the implied covenant of good faith and fair dealing because Ms. Shipman had no contract of employment with JLT.  The reality is that JLT never chose to offer Ms. Shipman a written contract, and the employee handbook upon which JLT purports to sue is, by its own terms, unenforceable because it "neither creates a contract, express or implied" and "is only a set of guidelines."  In an attempt to avoid dismissal of these causes of action, JLT pleads breach of the employee handbook "agreement" but does not attach it to the Complaint.  This motion does submit the relevant pages of the handbook, and the Court may properly consider them for purposes of dismissal.

## II. ALLEGATIONS

JLT bases its first cause of action for breach of contract and its third cause of action for breach of the implied covenant of good faith and fair dealing on an employee handbook. JLT alleges that as "a condition to her hire with JLT" Ms. Shipman "executed an Employee Handbook Acknowledgement Agreement" with JLT "whereby she agreed to comply with, and abide by, certain rules, guidelines and procedures." (Complaint ¶ 16)[1] Although JLT accuses Ms. Shipman of breach of contract, it notably neither attaches the "contract" to its Complaint nor specifies the terms of the contract. JLT also misleadingly calls the document an "Employee Handbook Acknowledgment Agreement" (Complaint ¶ 16), when, in reality, the word "agreement" appears nowhere in the title. (Shipman Declaration, filed concurrently herewith, ¶ 2, Ex. A at p.1)

In its breach of contract count, JLT alleges that the handbook required Ms. Shipman to refrain from disclosing confidential/proprietary information unless such disclosure was for the exclusive benefit of JLT and that Ms. Shipman breached this requirement of the handbook. (Complaint ¶¶ 46-49)

In its count for breach of the covenant of good faith and fair dealing, JLT alleges that, by operation of law, a covenant of good faith and fair dealing is implied in the "Handbook Agreement." (Complaint ¶ 57) JLT alleges Ms. Shipman violated the covenant by misappropriating JLT confidential information, making false or disparaging statements about JLT and by diverting clients to her new employer. (Complaint ¶¶ 58-59)

## III. ARGUMENT

### A. Applicable Law

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Courts "are not bound to accept as

---

[1] Ms. Shipman cites to paragraphs from the Complaint and, as she must, accepts these allegations as fact only for purposes of this motion.

true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal quotation and citation omitted).

If a plaintiff refers to, but fails to attach, documents on which a Complaint is based, the defendant may attach those documents to a motion to dismiss to show that they do not support plaintiff's claims. *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). This rule prevents "a plaintiff with a legally deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993). The Court may look to a document brought before it by declaration without converting the motion to dismiss into a motion for summary judgment. *See, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998). The Court may consider the full text of a referenced document, even if the plaintiff refers to only part of it. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

On the basis of this established law, Ms. Shipman files with this motion her declaration attaching the relevant pages of the employee handbook upon which JLT bases its first and third causes of action.

**B.    The Court Has The Authority And Obligation To Interpret The Employee Handbook**

Contracts are to be interpreted according to the ordinary meaning of their terms. *See* Cal. Civil Code §§ 1638, 1644. The employee handbook, per the provisions quoted below, is reasonably susceptible to only one interpretation: that it sets forth employee guidelines and is <u>not</u> an enforceable contract. Consequently, the Court has the authority and obligation to interpret the handbook as such and dismiss JLT's first and third causes of action. *Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 865 (1965) ("The interpretation of a written instrument…is essentially a judicial function to be exercised according to the generally accepted canons of interpretation so that the purposes of the instrument may be given effect. Extrinsic evidence is admissible to interpret the instrument, but not to give it a meaning to which it is not reasonably susceptible,

and it is the instrument itself that must be given effect. It is therefore solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence." (internal citations and quotations omitted)).

    **C.    JLT's First Cause Of Action For Breach Of Contract Should Be Dismissed Because The Employee Handbook, By Its Own Terms, Is Not An Enforceable Contract**

The employee handbook repeatedly and unambiguously asserts that it is "only a set of guidelines," <u>not</u> a binding contract. The section titled "Purpose of Employee Handbook" provides:

> "The purpose of this employee handbook is to <u>communicate</u> the Company's personnel policies and practices to all employees in order for employees to know what is expected of them and what they can expect from the Company. It is important that each employee understand the Company's policies that relate to benefits, rules, regulations, procedures, practices, work standards, and compensation. <u>This employee handbook is not all-inclusive, and is only a set of guidelines</u>. In addition, <u>this employee handbook should not be interpreted as forming an express or implied contract or promise that the policies discussed in it will be applied in all cases.</u>"

(Shipman Dec., Ex. A at p.100-2 (emphasis added); *see also id*. at p.300-1 ("JLT follows the practice of employment-at-will. This employee handbook neither creates a contract, express or implied, nor offers a warranty of benefits.").)

Indeed, the handbook provides a specific procedure by which enforceable contracts may be formed, a procedure Ms. Shipman was never invited to undertake:

> "**Employment Agreements** - The Chief Executive Officer is the only Company representative authorized to enter into a written employment agreement on behalf of the Company with any employee. All employment agreements must be in writing and signed by both the Chief Executive Officer and the employee."

(*Id*. at p. 300-1.)

Aside from these express disclaimers -- each of which is alone sufficient to demonstrate the handbook is not enforceable as a contract -- the handbook elsewhere makes clear that JLT never intended its provisions to establish the parties' respective rights and obligations, as JLT was free to modify them, or even cancel the entire handbook, at any time for any reason. The one-page handbook acknowledgment signed by Ms. Shipman (attached as the first page of

Exhibit A to her declaration), states: "I understand that JLT reserves the right to interpret, change, modify or rescind any portion of this employee handbook with or without notice." The handbook at p.100-3 also states: "The Company…may modify or rescind [its policies] at any time."

The ordinary meaning of each of these provisions is that the handbook is merely a set of guidelines, not an enforceable agreement, and accordingly JLT's first cause of action for breach of contract should be dismissed. *See* Cal. Civil Code §§ 1638, 1644; *see also Knights v. Hewlett Packard*, 230 Cal. App. 3d 775, 780 (1991) (employer's termination policies, as expressed in employee manual, could not be considered part of an employment contract because they were merely guidelines); *Dade Int'l, Inc. v. Iverson*, 9 F. Supp. 2d 858, 860-61 (M.D. Tenn 1998) (dismissing employer's breach of contract claim against employee because, although the employee signed an acknowledgment of the manual, "[n]owhere in the text of the manual does the company indicate any intent to be contractually bound by the manual.")

By its own terms, JLT's employee handbook is not a contract and does not create a contract. Therefore, its count for breach of contract must be dismissed.

### D. JLT's Third Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Should Be Dismissed Because There Is No Contract

As demonstrated above, the employee handbook did not create a written contract between JLT and Ms. Shipman. As a matter of law and logic, no implied covenant of good faith and fair dealing exists where no contract exists. *Racine & Laramie, Ltd., Inc. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-2 (1992) ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. . . ."There is no obligation to deal fairly or in good faith absent an existing contract."); *see also Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349-350 (2000) ("The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*. … It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (emphasis in original)).

1  Without a contractual basis, JLT's count for breach of the implied covenant of
2  good faith and fair dealing must be dismissed.

## IV. CONCLUSION

Ms. Shipman respectfully requests that the Court dismiss, with prejudice, Plaintiff's first and third causes of action.

DATED: January 25, 2008                    BINGHAM McCUTCHEN LLP

By:      /s/ Robert A. Lewis
         Robert A. Lewis
         Attorneys for Defendant
         Claudia Shipman