Bingham McCutchen LLP
ROBERT A. LEWIS (SBN 83630)
robert.lewis@bingham.com
ALAN R. BERKOWITZ (SBN 50112)
alan.berkowitz@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Defendant
Claudia Shipman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JLT AEROSPACE (NORTH AMERICA), INC., a corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>CLAUDIA ROCKSETH-SHIPMAN,<br><br>            Defendant. | No. C 07-5099 (JSW)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION**<br><br>Date:      March 14, 2008<br>Time:     9:00 a.m.<br>Place:     Courtroom 2, 17th Floor<br>Judge:    Hon. Jeffrey S. White |

Defendant Claudia Shipman ("Shipman"), erroneously sued as Claudia Rockseth-Shipman, moves for dismissal of the first and third causes of action in the Complaint filed by JLT Aerospace (North America), Inc. ("JLT"). Shipman's motion came on regularly for hearing on March 14, 2008.

The Court, having fully considered the oral argument of counsel and all evidence and authorities set forth in the parties' papers, issues the following opinion and order:

## I. BACKGROUND

JLT bases its first cause of action for breach of contract and its third cause of action for breach of the implied covenant of good faith and fair dealing on an employee handbook. JLT alleges that as "a condition to her hire with JLT" Ms. Shipman "executed an Employee Handbook Acknowledgement Agreement" with JLT "whereby she agreed to comply with, and abide by, certain rules, guidelines and procedures." (Complaint ¶ 16) In its breach of contract count, JLT alleges that the handbook required Ms. Shipman to refrain from disclosing confidential/proprietary information unless such disclosure was for the exclusive benefit of JLT and that Ms. Shipman breached this requirement of the handbook. (Complaint ¶¶ 46-49)

In its count for breach of the covenant of good faith and fair dealing, JLT alleges that, by operation of law, a covenant of good faith and fair dealing is implied in the "Handbook Agreement." (Complaint ¶ 57) JLT alleges Ms. Shipman violated the covenant by misappropriating JLT confidential information, making false or disparaging statements about JLT and by diverting clients to her new employer. (Complaint ¶¶ 58-59)

Shipman argues that the employee handbook upon which JLT bases the first and third causes of action is, by its own terms, unenforceable because it "neither creates a contract, express or implied" and "is only a set of guidelines."[1]

---

[1] Shipman submits with her motion a copy of the "JLT Holdings - Employee Handbook" and her signed acknowledgment of receipt of that document. Shipman argues, and the Court agrees, that it may properly consider these documents for purposes of her motion without converting her motion into one for summary judgment, on the ground that JLT's Complaint refers to and relies on these documents for its first and third causes of action. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other*

(Footnote Continued on Next Page.)

1    Shipman refers the Court to various provisions of the employee handbook in

2 support of her motion to dismiss.  The section titled "Purpose of Employee Handbook" provides:

> "The purpose of this employee handbook is to <u>communicate</u> the Company's personnel policies and practices to all employees in order for employees to know what is expected of them and what they can expect from the Company.  It is important that each employee understand the Company's policies that relate to benefits, rules, regulations, procedures, practices, work standards, and compensation.  <u>This employee handbook is not all-inclusive, and is only a set of guidelines</u>.  In addition, <u>this employee handbook should not be interpreted as forming an express or implied contract or promise that the policies discussed in it will be applied in all cases</u>."

(Shipman Dec., Ex. A at p.100-2 (emphasis added); *see also id*. at p.300-1 ("JLT follows the practice of employment-at-will.  This employee handbook neither creates a contract, express or implied, nor offers a warranty of benefits.").)

Shipman also notes that the handbook provides a specific procedure by which enforceable contracts may be formed, and that this procedure was not followed with respect to her employment with JLT:

> "**Employment Agreements** - The Chief Executive Officer is the only Company representative authorized to enter into a written employment agreement on behalf of the Company with any employee.  All employment agreements must be in writing and signed by both the Chief Executive Officer and the employee."

(*Id*. at p. 300-1.)

Shipman also argues that JLT never intended its provisions to establish the parties' respective rights and obligations, as evidenced by provisions allowing JLT to modify them, or even cancel the entire handbook, at any time for any reason.  The one-page handbook acknowledgment signed by Ms. Shipman (attached as the first page of Exhibit A to her declaration), states:  "I understand that JLT reserves the right to interpret, change, modify or rescind any portion of this employee handbook with or without notice."  The handbook at p.100-3 also states: "The Company…may modify or rescind [its policies] at any time."

---

(Footnote Continued from Previous Page.)

*grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)

## II. ANALYSIS

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal quotation and citation omitted).

Contracts are to be interpreted according to the ordinary meaning of their terms. *See* Cal. Civil Code §§ 1638, 1644. Where, as here, a written instrument is susceptible to only one interpretation, the Court has the authority and obligation to give that interpretation legal effect. *Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 865 (1965) ("The interpretation of a written instrument…is essentially a judicial function to be exercised according to the generally accepted canons of interpretation so that the purposes of the instrument may be given effect. Extrinsic evidence is admissible to interpret the instrument, but not to give it a meaning to which it is not reasonably susceptible, and it is the instrument itself that must be given effect. It is therefore solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence." (internal citations and quotations omitted)).

Shipman argues, and this Court agrees, that the employee handbook, per the provisions quoted above, is reasonably susceptible to only one interpretation: that it sets forth employee guidelines and is <u>not</u> an enforceable contract. *See* Cal. Civil Code §§ 1638, 1644; *see also Knights v. Hewlett Packard*, 230 Cal. App. 3d 775, 780 (1991) (employer's termination policies, as expressed in employee manual, could not be considered part of an employment contract because they were merely guidelines); *Dade Int'l, Inc. v. Iverson*, 9 F. Supp. 2d 858, 860-61 (M.D. Tenn 1998) (dismissing employer's breach of contract claim against employee because, although the employee signed an acknowledgment of the manual, "[n]owhere in the text of the manual does the company indicate any intent to be contractually bound by the manual."). Accordingly, JLT's first cause of action for beach of contract fails.

Having found that the employee handbook under which JLT sues is not an enforceable agreement, JLT's third cause of action for breach of the implied covenant of good

A/72398820.1/2000047-0000328979      4      Case No. C 07-5099 (JSW)
[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION

faith and fair dealing must also fail. *Racine & Laramie, Ltd., Inc. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-2 (1992) ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. . . ."There is no obligation to deal fairly or in good faith absent an existing contract."); *see also Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349-350 (2000) ("The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*. … It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (emphasis in original)).

### III.  CONCLUSION

By its own terms, JLT's employee handbook is not a contract and does not create a contract. Therefore, its count for breach of contract must be dismissed. Without a contractual basis, JLT's count for breach of the implied covenant of good faith and fair dealing must also be dismissed.

Shipman's Motion to Dismiss Plaintiff's First and Third Causes of Action is therefore **GRANTED**. JLT's first cause of action for breach of contract and third cause of action for breach of the implied covenant of good faith and fair dealing are hereby **DISMISSED**. **WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March     , 2008

_____
Hon. Jeffrey S. White
U.S. DISTRICT JUDGE