COOK | ROOS | WILBUR | THOMPSON LLP
SUSAN H. ROOS, CBN 107278
MICHAEL E. WILBUR, CBN 152361
KRISTINA H. SHUTE, CBN 221439
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone:   415-362-7071
Facsimile:   415-362-7073

Attorneys for Plaintiff
JLT AEROSPACE (NORTH AMERICA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JLT AEROSPACE (NORTH AMERICA), INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDIA ROCKSETH-SHIPMAN, an individual,<br><br>Defendant. | Case No.: C 07 5099 JSW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  March 14, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 2, 17th Floor<br>Judge:  Hon. Jeffrey S. White |

## I.   INTRODUCTION

JLT has an Employee Handbook, which contains policies requiring the protection of its confidential and proprietary information, and prohibiting conflicts of interest.  In January 2007, as a condition of her continued employment with JLT, defendant signed an Employee Handbook Acknowledgement expressly stating that she would <u>abide by</u> JLT's policies and procedures. Defendant, however, failed to do so.  Rather, while still employed by JLT, and in violation of the polices and procedures she had expressly agreed to abide by, defendant accessed confidential and proprietary client information, and electronically diverted the records she accessed to her personal e-

mail address, attempting to cover her misconduct by deleting the corresponding e-mail traffic. In further violation of JLT's policies and procedures, defendant then used this confidential and proprietary information for purposes contrary to JLT's best interests, as she disclosed the information to one of JLT's competitors, and used the information to solicit, encourage, or otherwise influence JLT customers to move their business from JLT. Accordingly, defendant breached her express agreement to abide by JLT's policies and procedures.

Defendant claims that JLT has failed to state a cause of action for breach of contract or breach of the covenant of good faith and fair dealing because JLT's Employee Handbook "is not a contract." Defendant has completely misconstrued JLT's allegations. JLT has not alleged that its Employee Handbook is a contract, but rather that the Employee Handbook Acknowledgement that defendant signed, which expressly states that she would abide by JLT's policies and procedures, is a contract,[1] and that by her misconduct, defendant breached that contract and the covenant of good faith and fair dealing. As set forth below, under the liberal federal pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), such allegations are sufficient to state a cause of action for breach of contract and breach of the covenant of good faith and fair dealing implied in each contract. Accordingly, JLT respectfully requests that the Court deny defendant's motion to dismiss plaintiff's first and third causes of action in its entirety.

## II.    JLT's FIRST AND THIRD CAUSES OF ACTION

Contrary to defendant's contentions, JLT's first cause of action for breach of contract and third cause of action for breach of covenant of good faith and fair dealing are based not on JLT's Employee Handbook, but on the Acknowledgement that plaintiff signed. (Complaint ¶¶16, 46-50, 56-59). In its complaint, JLT has alleged that its Employee Handbook includes polices, rules and procedures which require that all-non public information about JLT and/or its customers be treated as

---

[1] Defendant takes issue with the fact that JLT did not attach a copy of this Acknowledgement to the Complaint, and thus has attached a copy of the Acknowledgement to her Motion to Dismiss. JLT, however, is not required to attach the Acknowledgement to the Complaint, as FRCP 10(c), which provides for the attachment of a written instrument to a pleading, is permissive in nature. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (1993) (a plaintiff is under no obligation to attach to the complaint documents upon which the action is based). Moreover, while in some limited circumstances, it may be proper for a court to consider documents which are not attached to the complaint on a motion to dismiss, at this stage of the proceedings, the court must strive to resolve any ambiguities, including contractual ambiguities, in the plaintiff's favor. *International Audiotext Network, Inc. v. American Telephone and Telegraph Co.*, 62 F.3d 69, 72 (7th Cir. 1995).

confidential and proprietary, and which prohibit the disclosure of such information in any form for any purpose other than for JLT's sole and exclusive benefit. (Complaint ¶16). JLT has also alleged that its Employee Handbook contains policies, rules and procedures requiring employees to avoid conflicts of interest. (Complaint ¶16). JLT has further alleged that as a condition of her employment with JLT, defendant executed an Acknowledgement whereby she expressly agreed that she would "abide by the policies and procedures" contained in JLT's Employee Handbook. (Complaint ¶16).

In support of its first and third causes of action, JLT has alleged that defendant failed to abide by the policies and procedures contained in the Employee Handbook by: (1) accessing JLT records containing confidential information and sending these records to her personal e-mail address while she was in the midst of negotiating for employment with one of JLT's competitors; (2) using confidential and proprietary customer information belonging to JLT to solicit, encourage or otherwise attempt to influence JLT customers to move their business from JLT to one of its competitors while she was still employed by JLT; (3) disclosing JLT's confidential and proprietary information to one of its competitors for the purpose of unlawfully competing for JLT customers and diverting their business away from JLT; and (4) making untruthful statements to JLT customers for the purpose of diverting their business away from JLT. (Complaint ¶¶26-29, 31-33; 36, 39, 41-50, 56-59). JLT has also alleged that it is entitled to monetary damages as a result of defendant's breach of her express agreements. (Complaint ¶¶50, 59, 82-91).

### III.    ARUGMENT

A.  <u>JLT Has Sufficiently Met Federal Pleading Standards With Respect to Its First and Third Causes of Action.</u>

The pleading standards set forth in FRCP 8 are liberal. *See* FRCP 8(a). Moreover, FRCP 8 contains a "powerful presumption" against rejecting a pleading for failure to state a claim. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). With respect to each cause of action in a complaint, a plaintiff must provide a short and plain statement of the claim showing that it is entitled to relief in a manner sufficient to give "fair notice" of the claim being asserted and the grounds upon which it rests. FRCP 8(a); *Bell Atlantic Corp v. Twombley*, 127 S.Ct. 1955, 1964 (2007). Here, as set forth above, plaintiff's claims for breach of contract and breach of the covenant

of good faith and fair dealing clearly meet this standard. (Complaint ¶¶16, 46-50, 56-59). In addition, on a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Here, construing the complaint in the light most favorable to JLT, and accepting for purposes of defendant's motion to dismiss that the Acknowledgement that defendant signed is a contract, JLT would be entitled to relief for defendant's breach of that contract and the implied covenant of good faith and fair dealing.

B.  <u>JLT Has Sufficiently Stated A Cause Of Action For Breach Of Contract Based on the Acknowledgement That Defendant Signed.</u>

Defendant contends that JLT's first cause of action for breach of contract should be dismissed because JLT's Employee Handbook does not create a contract, arguing that the Handbook, by its own terms is not a contract, but only a set of guidelines, and thus is not enforceable as an agreement. (Defendant's Motion to Dismiss ("Def. Mot." at 6-7). However, JLT's breach of contract claim is based on the Acknowledgement which defendant signed, not on the Employee Handbook itself. Accordingly, the language of JLT's Employee Handbook cited by defendant in her motion to dismiss, which is taken from the portions of the Handbook filed with her motion are immaterial, and need not be considered here.

The Acknowledgement that defendant signed is a sufficient basis in and of itself for JLT's breach of contract claim. As noted by defendant, contracts are to be interpreted by the ordinary meaning of their terms. (Def. Mot. at 4). Cal. Civ. Code §§ 1638, 1644). "A contract is an agreement to do or not do a certain thing" (Cal. Civ. Code § 1549), and "an express contract is one, the terms of which are stated in words." Cal. Civ. Code §1620. Here, in the executed Acknowledgement defendant expressly agreed to <u>abide by</u> JLT's policies and procedures. Thus, defendant clearly "agreed to do something," namely, abide by JLT's policies and procedures regarding confidential and proprietary information, and conflicts of interest. Furthermore, the terms of defendant's agreement were stated in words – the language of the Acknowledgement. Accordingly, as plead by JLT in the complaint, the Acknowledgement signed by defendant is an

1  express contract, by which defendant agreed to comply with JLT's policies and procedures.
2  (Complaint ¶¶16, 47, 57). Cal. Civ. Code §§ 1549, 1620.
3        Defendant's further contention that the Acknowledgement is insufficient to create a contract,
4  because it expressly reserved JLT's right to interpret, change, modify or rescind any portion of the
5  handbook with or without notice is similarly without merit. (Def. Mot. at 5-6). A handbook
6  acknowledgement which contains language requiring the employee to abide by the employer's
7  policies and procedures, but which also contains language expressly denying the existence of a
8  contract, reserving the employer's right to eliminate, modify and improve any of its provisions <u>is</u>
9  <u>sufficient</u> to constitute an agreement by the employee to be bound by the benefits, policies, rules and
10 procedures contained in the handbook. *See Romo v. Y-3 Holdings, Inc.*, 87 Cal. App. 4th 1153, 1156,
11 1159 (2001). In *Romo*, an employee filed a lawsuit against the employer, and the employer moved
12 to compel arbitration based on the "Arbitration Procedure" contained in the company's employee
13 handbook, and on the Employee Handbook Acknowledgement, which the employee signed. *Id.* at
14 1155-1156. The Employee Handbook Acknowledgement in *Romo* contained the following language:

> I acknowledge receipt of my copy of the handbook entitled 'Y-3Holdings, Inc.
> Employee Handbook.' I have read and understood its contents, including
> company policies and rules governing my conduct, wages and working conditions
> as an employee. I understand that this Handbook supercedes and replaces any
> prior company Handbook. I agree to abide by these policies and rules during my
> employment, and understand the consequences if I do not. . . . I understand that
> any and all benefits, polices and procedures set forth herein are statements of
> general company policy and shall, in no manner, be construed to imply a contract
> . . . I understand that the company reserves the right to eliminate, modify and
> improve any an[d] all of its wages, hours and working conditions, including the
> benefits, policies and rules explained herein at any time with or without notice. . .

22 *Id.* at 1156. The employer asserted that the employee's signature on the acknowledgement bound her
23 to the terms of the arbitration provision contained in the handbook. *Id.* at 1158. The court concluded
24 that the employee handbook contained two separate and severable agreements -- the agreement to
25 arbitrate, and the agreement to be bound by the benefits, policies, rules and procedures contained in
26 the handbook. *Id.* at 1159. Accordingly, as in *Romo*, the Employee Handbook Acknowledgement
27 signed by defendant constitutes her agreement to be bound by the policies and procedures contained
28

1  in JLT's Employee Handbook, including the policies and procedures regarding confidential and
2  proprietary information, as well as the policies and procedures regarding conflicts of interest.
3        Citing *Dade Int'l Inc. v. Iverson*, 9 F. Supp.2d 858, 860-61 (M.D. Tenn. 1998), defendant
4  claims that the fact that she signed the handbook acknowledgement is insufficient to contractually
5  bind her to its confidentiality and conflict of interest provisions. (Def. Mot. at 6). Defendant's
6  reliance on *Dade* is misplaced. In *Dade*, the court considered a plaintiff-employer's breach of
7  contract claim, which was based on the defendant-employee's acknowledgement of an employee
8  manual. *Dade*, 9 F. Supp. 2d at 860-861. While the court ultimately dismissed the breach of contract
9  claim, it did so only after noting that the acknowledgement "only asked employees to confirm that
10 they had read and understood the manual. It did not require employees to agree to be bound by . . .
11 [it]." *Id.* at 861. In contrast, here, defendant expressly agreed to be bound by the policies and
12 procedures set forth in JLT's Employee Handbook. She cannot now seek to avoid the consequences
13 of that agreement by claiming that no such agreement existed.
14       Clearly, JLT has sufficiently stated a cause of action for breach of contract based on the
15 Acknowledgement signed by defendant. Such a claim is straightforward and cognizable.
16 Accordingly, defendant's motion to dismiss JLT's first cause of action for breach of contract should
17 be denied.
18 C. <u>As JLT Has Sufficiently Stated A Cause of Action For Breach of Contract, It Has Also
19     Sufficiently Stated A Cause of Action For Breach of the Covenant of Good Faith and Fair
20     Dealing.</u>
21       A covenant of good faith and fair dealing is implied by law in all contracts, and requires that
22 neither party do anything to deprive the other of the benefits of the agreement. *See Foley v.*
23 *Interactive Data Corp.*, 47 Cal. 3d 654, 683-684 (1988). Here, JLT has sufficiently alleged the
24 existence of a contract requiring defendant to abide by JLT's policies and procedures, which included
25 a covenant of good faith and fair dealing, and has further alleged that defendant breached this
26 covenant, thereby entitling JLT to damages (Complaint ¶¶56-59). Accordingly, JLT has stated a
27 cause of action for breach of the covenant of good faith and fair dealing. *See* FRCP 8(a); *Aragon-*
28 *Hass v. Family Security Insurance Services, Inc.*, 231 Cal. App. 3d 232, 236, 240 (1991) (finding that

allegations of a contract, breach of that contract, and damages resulting from the breach were sufficient to state a cause of action for breach of the covenant of good faith and fair dealing).  As discussed in detail above, JLT has sufficiently stated a cause of action for breach of contract based on the Acknowledgement signed by defendant.  Thus, as defendant's motion to dismiss JLT's first cause of action for breach of contract should be denied, so too should defendant's motion to dismiss JLT's third cause of action for breach of the covenant of good faith and fair dealing.

### IV.   CONCLUISON

For all the foregoing reasons, JLT respectfully requests that this Court deny defendant's motion to dismiss the first cause of action for breach of contract and third cause of action for breach of the covenant of good faith and fair dealing in its entirety.  If for any reason, the Court should find that dismissal of either or both of JLT's first or third causes of action is appropriate, JLT respectfully requests that the Court dismiss the cause of action without prejudice, and grant JLT leave to amend the complaint.

Dated:  February 15, 2008.

COOK | ROOS | WILBUR | THOMPSON LLP

By _____
KRISTINA H. SHUTE
Attorneys for Plaintiff
JLT AEROSPACE (NORTH AMERICA), INC.