Bingham McCutchen LLP
ROBERT A. LEWIS (SBN 83630)
robert.lewis@bingham.com
ALAN R. BERKOWITZ (SBN 50112)
alan.berkowitz@bingham.com
HODDY POTTER (SBN 238507)
hoddy.potter@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendant
Claudia Shipman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JLT AEROSPACE (NORTH AMERICA), INC., a corporation,<br><br>             Plaintiff,<br>      v.<br><br>CLAUDIA ROCKSETH-SHIPMAN,<br><br>             Defendant. | No. C 07-5099 (JSW)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION**<br><br>Date:       March 14, 2008<br>Time:      9:00 a.m.<br>Place:     Courtroom 2, 17th Floor<br>Judge:    Hon. Jeffrey S. White |

## I. INTRODUCTION

Defendant Claudia Shipman ("Shipman") brought this motion to dismiss the breach of contract and breach of the covenant of good faith and fair dealing counts from Plaintiff's JLT Aerospace (North America), Inc.'s ("JLT") complaint because they are precluded by the terms of the document on which they are based. The "contract" which Ms. Shipman is alleged to have breached is, in fact, an employee handbook which explicitly states that it "should not be interpreted as forming an express or implied contract or promise that the policies discussed in it will be applied in all cases." *See* Dkt. No. 19, Ex. A at 100-2. Notwithstanding that, JLT argues that Ms. Shipman nevertheless is contractually bound because she signed an acknowledgement that she would abide by the policies and procedures in JLT's not-a-contract handbook.

JLT's argument fails. First, an agreement to abide by the terms of a document that is expressly not a contract does not form a contract. Second, JLT's argument would form a contract to which Ms. Shipman is bound but JLT is not, which would fail for lack of mutuality.

## II. ARGUMENT

### A. The JLT Handbook Says It Is Not A Contract And Ms. Shipman's Acknowledgement Of It Cannot Turn It Into One

JLT's handbook makes clear that JLT intended it not to create any kind of contract. Courts have recognized that such handbooks do not create contracts. *See Sanders v. Wells Fargo Home Mortgage, Inc.*, No. 04-2267 B, 2004 WL 3314564 at * 4 (W.D. Tenn. Dec. 14, 2004) (handbook stating it was an "outline of policies and procedure" and "not a contract" did not a create a contract or support a breach of contract action for the right to review termination decision pursuant to handbook provision). Indeed, JLT's handbook unambiguously announces that (1) it neither creates nor should be interpreted as forming an express or implied contract or a warranty of benefits; (2) the policies contained within it can be modified at any time; and (3) its policies are merely guidelines anyway. *See* Dkt. No. 19, Ex. A at 100-2, 100-3, 300-1. This language precludes the creation of a contract. *See White v. Home Depot, Inc.*, No. 04-CV-401, 2008 WL 189865 at * 8 (E.D.N.Y. Jan. 17, 2008) (breach of contract claim barred

where handbook explicitly stated it was not a contract); *Mitri v. Arnel Mgmt. Co.*, 157 Cal. App. 4th 1164 (2007) (handbook's reference to mutual arbitration agreement insufficient to form a contract).

Because of JLT's express language, Ms. Shipman's signature on the handbook acknowledgment is therefore a non-contractual expression to abide by non-contractual guidelines that JLT can modify at any time. There is no contract. The breach of contract count must be dismissed.

### B. Ms. Shipman's Acknowledgment Is Unenforceable Because Any Agreement Arising From It Would Lack Mutuality

Even if this Court were to ignore the express announcement of the handbook that it is not a contract, a contract created by the employee acknowledgement would be unenforceable because of a failure of mutuality. Under well-recognized contract principles, to be enforceable, a contract must be mutual and reciprocal in its obligations. *See Kowal v. Day*, 20 Cal. App. 3d 720, 724 (1971) ("Where a contract imposes no definite obligation on one party to perform, it lacks mutuality of obligation. It is elementary that where performance is optional with one of the parties no enforceable obligation exists."); *Larwin-Southern Cal., Inc. v. JGB Inv. Co.*, 101 Cal. App. 3d 626, 637 (1979) ("In a bilateral contract, the promisor and promisee must exchange promises representing binding legal obligations to render the contract enforceable. The requirement that binding legal obligations underlie a contract is generally referred to as the doctrine of mutuality of obligation. In essence, mutuality of obligation must exist where the exchange of promises between promisor and promisee is meant to represent the contract's consideration."); *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, (2006) ("If there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract formation."); *see also* Cal. Civ. Code § 1580 ("Consent is not mutual, unless the parties all agree upon the same thing in the same sense.").

Here, JLT expressly disclaimed any obligation on its part to adhere to the policies and procedures of the handbook. JLT was very careful to repeatedly incorporate reminders that the handbook and the policies contained therein were not contractually binding and merely

constituted guidelines. *See* Dkt. No. 19, Ex. A at 100-2, 300-1. JLT cannot use the no-contract provisions of the handbook as a shield to protect itself from employee claims while using the employee acknowledgement form as a sword to enforce the provisions of the no-contract handbook against its employees. *See O'Hare v. Municipal Resource Consultants,* 107 Cal. App. 4th 267, 274-276 (2003) (arbitration provision lacked mutuality and thus was unenforceable where it required employee to arbitrate all claims but allowed employer to bring lawsuit.)[1]

Therefore, even if the acknowledgement form could create a contract, it would be unenforceable for lack of mutuality. The breach of contract claim must be dismissed for this reason as well.

### C. With No Enforceable Contract, JLT's Third Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Must Be Dismissed

As noted in Defendant's Motion to Dismiss, a breach of the implied covenant of good faith and fair dealing must be premised on an underlying contract. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-350 (2000) (covenant of good faith and fair dealing exists merely to prevent one party from unfairly frustrating the other party's right to receive the benefits an agreement that was actually made).

Here, JLT has no contract for the reasons discussed above. With no underlying contract, its follow-on claim for breach of the implied covenant of good faith and fair dealing fails and must be dismissed. *Davis v. City of Oakland*, No. C97-4330 FMS, 1998 WL 196470 at *5 (N.D. Cal. Apr. 15, 1998) (cause of action for breach of the covenant of good faith and fair dealing "must be dismissed" because plaintiffs did not allege the existence of an employment contract); *Olivares v. Canteen Vending Serv.*, No. CIVS040262 DFL-PAN, 2005 WL 1489868 at *5 (E.D. Cal. Jun. 21, 2005) (plaintiff failed to establish the existence of any contract that

---

[1] Plaintiff's cited case, *Romo v. Y-3 Holdings, Inc.*, 87 Cal. App. 4th 1153, 1159 (2001), doesn't help it. The *Romo* court, in ruling that an employee handbook's arbitration provision was unenforceable, noted that the handbook contained two separate and severable agreements, one to arbitrate and one to be bound by handbook policies. But the court made no ruling about whether the other policy was valid or enforceable.

could serve as the basis of claim for breach of covenant of good faith and fair dealing claim).

## III. CONCLUSION

For the reasons set out below and in the motion papers, Ms. Shipman asks that this Court dismiss, with prejudice, Plaintiff's first and third causes of action.

DATED: February 22, 2008

BINGHAM McCUTCHEN LLP

By: /s/ Robert A. Lewis
Robert A. Lewis
Attorneys for Defendant
Claudia Shipman