IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JLT AEROSPACE (NORTH AMERICA), INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CLAUDIA ROCKSETH-SHIPMAN,<br><br>    Defendant.<br>_____ / | No. C 07-05099 JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION** |

Now before the Court is the motion of Defendant Claudia Rockseth-Shipman ("Shipman") to dismiss the Complaint of Plaintiff JLT Aerospace, Inc, ("JLT"). Pursuant to Local Rule 7-1(b), the Court finds the matter suitable for resolution without oral argument. The hearing date on March 14, 2008 at 9:00 a.m. is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY DENIES Defendant's motion for the following reasons.

**PROCEDURAL BACKGROUND**

JLT is a corporation engaged in the business of aviation insurance and reinsurance. (Compl. ¶ 1.) On June 6, 2004, JLT hired Shipman as a Senior Vice President for its Seattle office. (*Id.*, ¶ 7.) The employment of Shipman was part of an arrangement in which JLT bought the aviation insurance business of Shipman's colleague. (*Id.*, ¶ 8.)

On January 22, 2007, Shipman signed an "Employment Handbook Acknowledgment" ("Acknowledgment Form") stating "that I have read or will read the contents of the employee

handbook, and that I will abide by the policies and procedures." (*Id.*, ¶ 16; Ex. A.) The policies and procedures included the provision that Shipman would maintain the confidentiality of JLT's trade secrets and avoid conflicts of interest with JLT. (Compl. ¶ 16.)

Shipman resigned on or about July 30, 2007. (*Id.*, ¶ 15.) Soon thereafter, Shipman commenced employment with a competitor of JLT, Marsh USA, Inc. ("Marsh"). JLT alleges that Shipman used confidential information she obtained through her employment at JLT to divert customers to Marsh. (*Id.*, ¶¶ 31-32.)

On October 3, 2007, JLT filed this action. Shipman now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the first and third causes of action for breach of contract and breach of the covenant of good faith and fair dealing.

**ANALYSIS**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The dismissal of the first cause of action for breach of contract depends on whether the Acknowledgment Form constitutes a contract. "A contract of employment is governed by the same rules as other types of contracts, including the requirements of offer and acceptance." *Reynolds Elec. & Engineering Co. v. Workmen's Compensation Appeals Board*, 65 Cal. 2d 429, 433 (1966). "Formation of a contract requires parties capable of consent, the consent of those parties, a lawful object, and sufficient consideration." *ASP Properties Group v. Fard, Inc.*, 133

Cal. App. 4th 1257, 1268-69 (2005) (citing Cal. Civ. Code § 1550). Shipman contests the presence of "sufficient consideration" for the Acknowledgment Form to constitute a contract.

"Consideration consists of a benefit bestowed or a detriment suffered as bargained for by the parties." *A.J. Industries, Inc. v. Ver Halen*, 75 Cal. App. 3d 751, 761 (1977). The adequacy of consideration is tested at the time of the making of the contract, and courts do not weigh the quantum of the consideration as long as it has some value. *See id.* (citations omitted). The consideration at the time of signing the Acknowledgment Form was Shipman's continued employment at JLT. *See generally Asmus v. Pacific Bell*, 23 Cal. 4th 1, 10 (2000) (asserting that "in general, any act or forbearance, including continuing to work" constitutes consideration for a promise). The Court finds Shipman's continued employment sufficient consideration.

Shipman also asserts that there was no sufficient consideration because there was a lack of mutuality of obligation between the parties and, thus, no contract. However, the Court does not find this argument persuasive. While a contract must be mutual and reciprocal in its obligations, there must only be an obligation to perform. *Kowal v. Day*, 20 Cal. App. 3d 720, 724 (1971). JLT's intent to maintain the procedures and policies of the handbook, even their ability to alter these terms, and JLT's continued employment of Shipman satisfies the mutuality of obligation required for a contract to exist between the parties.

Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing survives dismissal as the Court has found a valid contract in the Acknowledgment Form, and such a cause of action may lie for Defendant's breach of the implied covenant of good faith and fair dealing. *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1033 (1992) (citations omitted) (holding that "[t]here is no obligation to deal fairly or in good faith absent an existing contact"). Accordingly, the Court DENIES Defendant's motion to dismiss this claim.

**CONCLUSION**

Accordingly, for the reasons set forth herein, Shipman's motion to dismiss is DENIED. The case management conference shall be held on March 14, 2008 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: March 10, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE