1  Bingham McCutchen LLP
   ALAN R. BERKOWITZ (SBN 50112)
2  alan.berkowitz@bingham.com
   ROBERT A. LEWIS (SBN 83630)
3  robert.lewis@bingham.com
   HODDY POTTER (SBN 238507)
4  hoddy.potter@bingham.com
   Three Embarcadero Center
5  San Francisco, CA 94111-4067
   Telephone: 415.393.2000
6  Facsimile: 415.393.2286

7  Attorneys for Defendant
   Claudia Rockseth-Shipman
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13 | JLT AEROSPACE (NORTH AMERICA), INC., | No. C 07-5099 (EMC)
   | a corporation,
14 |                                       | ANSWER TO PLAINTIFF'S FIRST
   |        Plaintiff,                     | AMENDED COMPLAINT AND
15 |    v.                                 | COUNTERCLAIM

16 | CLAUDIA ROCKSETH-SHIPMAN,

17 |        Defendant.

18

19

20

21

22

23

24

25

26

27

28
A/72474161.3/2000047-0000328979

1   Defendant Claudia Shipman ("Shipman") hereby answers Plaintiff's First
2 Amended Complaint by admitting, denying and alleging as follows:

### PARTIES

4   1.   Shipman admits that Plaintiff JLT Aerospace, Inc. ("JLT") is a corporation
5 incorporated in the State of Delaware having its principal place of business in the State of
6 Virginia and is engaged in the business of aviation insurance and reinsurance throughout the
7 United States.

8   2.   Shipman admits that she is an individual residing in Napa, California.

### JURISDICTION

10   3.   Shipman admits that the First Amended Complaint alleges violation of the
11 Computer Fraud and Abuse Act and that this Court has jurisdiction over the action under 28
12 U.S.C. § 1331 and supplemental jurisdiction over the alleged state law claims under 28 U.S.C. §
13 1367.

14   4.   Shipman admits that this Court has jurisdiction over this matter pursuant to
15 28 U.S.C. § 1332.

### VENUE

17   5.   Shipman admits that venue is proper in this district because Shipman resides
18 in the State of California and in the Northern District of California.

19   6.   Shipman admits that venue is proper because a substantial part of the events
20 or omissions that are the subject matter of this action occurred in the Northern District of
21 California.

### INTRADISTRICT ASSIGNMENT

24   7.   Shipman admits that assignment of this case to the Court's San Francisco
25 Division is proper.

### ALLEGATIONS

27   8.   Shipman admits that she was hired as Senior Vice President for JLT's Seattle
28 office on June 6, 2004.

9.  Shipman admits that her employment as Senior Vice President was secured with the help of longtime colleague Donald Bingham but denies all other allegations.

10. Shipman admits that in June 2004, Bingham's clients included Skywest, Inc., Hageland Aviation Services, 40 Fox Trot LLC, T34B, LLC, Alaska Central Express, Inc., Alpine Aviation, Inc., Eric Christensen, GJR Leasing, Inc., Peninsula Airways, Inc., Reebaire Aircraft, Inc., Regional Paramedic Services, Security Aviation, Inc., Diamond Flying, LLC and Fly 4 You, Inc., but denies all other allegations.

11. Shipman lacks sufficient information to admit or deny the allegations contained in paragraph 11, and therefore denies them.

12. Shipman admits that JLT hired Bingham as Executive Vice President and Shipman as Senior Vice President. As to the remaining allegations in paragraph 12, Shipman is without information sufficient to admit or deny the allegations, and therefore denies them.

13. Shipman admits that she and Bingham created the Seattle office, and that JLT told Bingham he would be in charge of that office, but denies all other allegations.

14. Shipman admits that, following her hire, she worked from the Seattle office and reported directly to Bingham.

15. Shipman admits that she supervised a staff of four individuals and was responsible, along with Bingham, for the servicing and management of 14 accounts. Shipman denies the remaining allegations.

16. Shipman admits that JLT permitted Shipman to relocate to California and telecommute to the Seattle office and that she supported the Seattle office from her home until on or about July 30, 2007. Shipman denies the remaining allegations.

17. Shipman admits that she signed an Employee Acknowledgement Form and avers that the document speaks for itself. Shipman denies remaining allegations.

18. Shipman admits the allegations contained in paragraph 18.

19. Shipman admits the allegations contained in paragraph 19.

20. Shipman denies the allegations contained in paragraph 20.

21. Shipman admits that the 14 accounts that Bingham had in June 2004, which she and Bingham and others were responsible for servicing, maintaining and growing, generated gross annual revenue exceeding $2.5million. Shipman denies the remaining allegations.

22. Shipman admits that she had regular access to some of JLT's services, products, policy details and rates, customer requirements, business methods and pricing, but denies the remaining allegations contained in paragraph 22.

23. Shipman denies the allegations contained in paragraph 23.

24. Shipman denies the allegations contained in paragraph 24.

25. Shipman denies the allegations contained in paragraph 25.

26. Shipman denies the allegations contained in paragraph 26.

27. Shipman denies the allegations contained in paragraph 27.

28. Shipman denies the allegations contained in paragraph 28.

29. Shipman denies the allegations contained in paragraph 29.

30. Shipman admits that Skywest requested a CD Rom of its policy information from JLT, but denies all remaining allegations.

31. Shipman admits that on July 25, 2007, JLT notified her of its decision to fire her and told her she would be kept as a consultant without any details as to length of consultancy relationship or pay. Shipman denies all remaining allegations.

32. Shipman admits that, after being constructively discharged, she notified JLT of her resignation on July 30, 2007 and began working for Marsh after that date. Shipman denies all remaining allegations.

33. Shipman denies the allegations contained in paragraph 33.

34. Shipman denies the allegations contained in paragraph 34.

35. Shipman lacks sufficient information to admit or deny the allegations contained in paragraph 35, and therefore denies them.

36. Shipman lacks sufficient information to admit or deny the allegations contained in paragraph 36, and therefore denies them.

37. Shipman admits that Skywest, Alaska Central Express, Hageland, Security Aviation, Eric Christensen, T34B and Diamond Flying transferred their business to Marsh. Shipman denies the remaining allegations.

38. Shipman admits that JLT sent her a letter dated September 17, 2007 demanding her to cease allegedly unfair competitive activities.

39. Shipman lacks sufficient information to admit or deny the allegations contained in paragraph 39, and therefore denies them.

40. Shipman admits that by September 17, 2007, eight accounts ceased doing business with JLT and retained Marsh but denies the remaining allegations contained in paragraph 40.

41. Shipman lacks sufficient information to admit or deny the allegations contained in paragraph 41, and therefore denies them.

42. Shipman admits that many accounts left JLT and avers that they chose Marsh as their broker due to JLT's poor performance and its unwarranted and short sighted decision to fire Shipman, but denies all remaining allegations.

43. Shipman denies the allegations contained in paragraph 43.

44. Shipman denies the allegations contained in paragraph 44.

45. Shipman denies the allegations contained in paragraph 45.

46. Shipman denies the allegations contained in paragraph 46.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

47. Shipman restates her responses to paragraphs 1-46.

48. Shipman denies the allegations contained in paragraph 48.

49. Shipman denies the allegations contained in paragraph 49.

50. Shipman denies the allegations contained in paragraph 50.

51. Shipman denies the allegations contained in paragraph 51.

|   |   |
|---|---|
| 1 | **SECOND CAUSE OF ACTION** |
| 2 | **BREACH OF FIDUCIARY DUTY OF LOYALTY** |
| 3 | 52. Shipman restates her responses to paragraphs 1-51. |
| 4 | 53. Shipman denies the allegations contained in paragraph 53. |
| 5 | 54. Shipman denies the allegations contained in paragraph 54. |
| 6 | 55. Shipman denies the allegations contained in paragraph 55. |
| 7 | 56. Shipman denies the allegations contained in paragraph 56. |
| 8 | **THIRD CAUSE OF ACTION** |
| 9 | **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |
| 10 | 57. Shipman restates her responses to paragraphs 1-56. |
| 11 | 58. Shipman denies the allegations contained in paragraph 58. |
| 12 | 59. Shipman denies the allegations contained in paragraph 59. |
| 13 | 60. Shipman denies the allegations contained in paragraph 60. |
| 14 | **FOURTH CAUSE OF ACTION** |
| 15 | **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| 16 | 61. Shipman restates her responses to paragraphs 1-60. |
| 17 | 62. Shipman denies the allegations contained in paragraph 62. |
| 18 | 63. Shipman denies the allegations contained in paragraph 63. |
| 19 | 64. Shipman denies the allegations contained in paragraph 64. |
| 20 | 65. Shipman denies the allegations contained in paragraph 65. |
| 21 | 66. Shipman denies the allegations contained in paragraph 66. |
| 22 | 67. Shipman denies the allegations contained in paragraph 67. |
| 23 | **FIFTH CAUSE OF ACTION** |
| 24 | **INTENTIONAL INTERFERENCE WITH CONTRACT** |
| 25 | 68. Shipman restates her responses to paragraphs 1-67. |
| 26 | 69. Shipman lacks sufficient information to admit or deny the allegations in |
| 27 | paragraph 69, and therefore denies them. |
| 28 | 70. Shipman denies the allegations contained in paragraph 70. |

71.  Shipman denies the allegations contained in paragraph 71.

72.  Shipman denies the allegations contained in paragraph 72.

73.  Shipman denies the allegations contained in paragraph 73.

## SIXTH CAUSE OF ACTION

## BREACH OF CONFIDENTIAL RELATIONSHIP

74.  Shipman restates her responses to paragraphs 1-73.

75.  Shipman denies the allegations contained in paragraph 75.

76.  Shipman denies the allegations contained in paragraph 76.

77.  Shipman denies the allegations contained in paragraph 77.

78.  Shipman denies the allegations contained in paragraph 78.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT [18 U.S.C. § 1030]

79.  Shipman restates her responses to paragraphs 1-78.

80.  Shipman denies the allegations contained in paragraph 80.

81.  Shipman denies the allegations contained in paragraph 81.

82.  Shipman denies the allegations contained in paragraph 82.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA PENAL CODE SECTION 502

83.  Shipman restates her responses to paragraphs 1-82.

84.  Shipman denies the allegations contained in paragraph 84.

85.  Shipman denies the allegations contained in paragraph 85.

86.  Shipman denies the allegations contained in paragraph 86.

87.  Shipman denies the allegations contained in paragraph 87.

88.  Shipman denies the allegations contained in paragraph 88.

89.  Shipman denies the allegations contained in paragraph 89.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION [CAL. BUS. AND PROF. CODE 17200, et seq.]

90.  Shipman restates her responses to paragraphs 1-89.

91. Shipman denies the allegations contained in paragraph 91.

92. Shipman denies the allegations contained in paragraph 92.

93. Shipman denies the allegations contained in paragraph 93.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

94. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

95. Plaintiff's Complaint is barred and/or relief to Plaintiff must be reduced or denied in that Plaintiff has failed to adequately mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

(Speculative Damages)

96. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, are too speculative and/or remote and/or impossible to prove and/or allocate.

### FOURTH AFFIRMATIVE DEFENSE

(Unconstitutionality of the Punitive Damages Standard)

97. As to each cause of action for which Plaintiff prays for punitive damages, the standards for an award of punitive damages under state law are unconstitutionally vague under both the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution, in that there are no adequate standards or guidelines (1) for determining the type of conduct which an award of punitive damages may be based; (2) for guiding the trier of fact in deciding whether to award punitive damages; or (3) for fixing or determining the amount of any punitive damages to be awarded. Moreover, there are inadequate procedural safeguards under state law for awarding punitive damages in that to the extent that punitive damages are imposed as punishment, none of the procedural protections required by due process for punitive proceedings, such as unanimity of verdict or proof beyond a reasonable doubt are provided. Finally, excessive punitive damages violates the Due Process clauses of the United

1  States and California Constitutions.

## FIFTH AFFIRMATIVE DEFENSE

(Insufficient Knowledge and Reservation of Right to Assert Additional Defenses)

98.  Defendant Shipman currently has insufficient knowledge or information upon which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. Shipman reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## COUNTERCLAIMS

For her counterclaims against JLT, Shipman alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has supplemental jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. § 1367(a) because it consists of claims that are related to the transaction or occurrence that is the subject matter of the underlying action. This Court also has independent jurisdiction over the subject matter of this Counterclaim pursuant to 28. U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(4) (to secure relief under acts providing for protection of civil rights), in that this case arises under federal statutes including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and because JLT commenced this action in this Judicial District.

## PARTIES

3.  Claudia Shipman is an individual residing at 1301 Darling, Napa, CA, 94558.

4.  JLT Aerospace, Inc. ("JLT") is a corporation incorporated in the state of Delaware and having its principal place of business in the State of Virginia, and which is engaged in the business of aviation insurance and reinsurance throughout the United States.

## FIRST COUNTERCLAIM

### Retaliation In Violation of Title VII

5. The allegations set forth in paragraphs 1-4 are realleged and incorporated herein by reference as though fully set forth herein.

6. Within the time provided by law, Shipman filed a charge of retaliation with the EEOC alleging violations of Title VII. Shipman has requested an immediate right to sue and expects she will receive it within the next few days.

7. Shipman worked in JLT's now defunct Seattle office and also worked remotely for the Seattle office from her home in Napa, California beginning in August 2006.

8. After joining JLT, she heard that two JLT executives had harassed other women before they had joined JLT.

9. During the course of her employment, these two executives, joined by another executive, made inappropriate sexual remarks to Shipman including referring to her as the "Madame," and asking if she wore thong underwear or got Brazilian bikini waxes.

10. The mistreatment became so bad that she reported the harassment to JLT management in November 2005.

11. JLT Human Resources investigated her complaint, but no results were ever communicated to her.

12. JLT, through its employees, engaged in intentional unlawful employment practices, in violation of Title VII, 42 U.S.C. section 2000e-3(a), by subjecting Shipman to unlawful harassment and retaliation, including but not limited to, isolating her long term clients, treating her with disrespect, and terminating her employment with JLT.

13. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because she complained of, and otherwise opposed, inappropriate and unlawful sexual harassment by JLT executives.

14. As a result of JLT's willful, knowing and intentional acts of retaliation against Shipman, she sustained losses in earnings and interest on those losses, as well as losses of

1  other employment benefits, recoverable pursuant to 42 U.S.C. section 2000e-5(g).

2      15.  As a proximate result of JLT's unlawful and intentional retaliation against
3  her, Shipman has suffered and continues to suffer emotional distress and mental pain and
4  anguish, all to her damage in a sum according to proof, which may be recovered pursuant to 42
5  U.S.C. section 1981a.

6

7  DATED: March 31, 2008          BINGHAM McCUTCHEN LLP

8

9                                 By:      /s/ Alan Berkowitz
                                         Alan Berkowitz
10                                      Attorneys for Defendant
                                        Claudia Rockseth-Shipman
11