COOK | ROOS | WILBUR | THOMPSON LLP
SUSAN H. ROOS, CBN 107278
MICHAEL E. WILBUR, CBN 152361
KRISTINA H. SHUTE, CBN 221439
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone:   415-362-7071
Facsimile:   415-362-7073

Attorneys for Plaintiff
JLT AEROSPACE (NORTH AMERICA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JLT AEROSPACE (NORTH AMERICA), INC., a corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLAUDIA ROCKSETH-SHIPMAN, an individual,<br><br>　　　　　Defendant. | Case No.: C 07 5099 JSW<br><br>**REPLY OF PLAINTIFF AND COUNTER-DEFENDANT TO FIRST AMENDED COUNTERCLAIM** |

Plaintiff and counter-defendant JLT AEROSPACE (NORTH AMERICAN), INC. ("JLT") hereby responds to the First Amended Counterclaim of defendant CLAUDIA ROCKSETH-SHIPMAN ("Shipman") as follows:

### JURISDICTION AND VENUE

1.　In response to paragraph 1 of Shipman's First Amended Counterclaim, JLT admits that this Court has jurisdiction over the subject matter of Shipman's First Amended Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1343, but states that it lacks knowledge and information sufficient

1  to form a belief as to whether this Court has supplemental jurisdiction over the subject matter of
2  Shipman's First Amended Counterclaim pursuant to 28 U.S.C. § 1367(a).
3       2.   In response to paragraph 2 of Shipman's First Amended Counterclaim, JLT admits the
4  allegations contained therein.

## PARTIES

6       3.   In response to paragraph 3 of Shipman's First Amended Counterclaim, JLT admits
7  that Claudia Shipman is an individual, but states that it lacks knowledge and information sufficient to
8  form a belief as to whether Shipman resides at 1301 Darling, Napa, CA 94558.
9       4.   In response to paragraph 4 of Shipman's First Amended Counterclaim, JLT admits the
10 allegations contained therein.

## FIRST COUNTERCLAIM

### Retaliation In Violation Of Title VII

13      5.   In response to paragraph 5 of Shipman's First Amended Counterclaim, JLT restates its
14 responses to paragraphs 1 through 4 of Shipman's First Amended Counterclaim.
15      6.   In response to paragraph 6 of Shipman's First Amended Counterclaim, JLT states that
16 it lacks knowledge and information sufficient to form a belief as to the truth of the allegations
17 contained in said paragraph, and on that basis, denies each and every allegation contained therein.
18      7.   In response to paragraph 7 of Shipman's First Amended Counterclaim, JLT admits the
19 allegations contained therein.
20      8.   In response to paragraph 8 of Shipman's First Amended Counterclaim, JLT states that
21 it lacks knowledge and information sufficient to form a belief as to the truth of the allegations
22 contained in said paragraph, and on that basis, denies each and every allegation contained therein.
23      9.   In response to paragraph 9 of Shipman's First Amended Counterclaim, JLT denies each
24 and every allegation contained therein.
25      10.  In response to paragraph 10 of Shipman's First Amended Counterclaim, JLT admits
26 that Shipman reported the content of her conversations with two JLT executives to Donald Bingham
27 in November 2005, but JLT denies each and every remaining allegation contained therein.
28

11. In response to paragraph 11 of Shipman's First Amended Counterclaim, JLT admits that JLT Human Resources investigated Shipman's complaint regarding her conversations with two JLT executives, but JLT denies each and every remaining allegation contained therein.

12. In response to paragraph 12 of Shipman's First Amended Counterclaim, JLT denies each and every allegation contained therein.

13. In response to paragraph 13 of Shipman's First Amended Counterclaim, JLT denies each and every allegation contained therein.

14. In response to paragraph 14 of Shipman's First Amended Counterclaim, JLT denies each and every allegation contained therein.

15. In response to paragraph 15 of Shipman's First Amended Counterclaim, JLT denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

JLT asserts that Shipman's First Amended Counterclaim fails to state a claim against JLT upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Limitations Period)

JLT asserts that Shipman's First Amended Counterclaim is barred by the applicable limitations periods, including, but not limited to 42 U.S.C. § 2000e-5(e).

### THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

JLT asserts that Shipman's First Amended Counterclaim is barred because Shipman failed to exhaust her administrative remedies in a timely manner. See 42 U.S.C. § 2000e-5(f)(1).

### FOURTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

JLT asserts, on information and belief, that any damages awarded to Shipman should be reduced to the extent that Shipman has failed to mitigate her damages.

#### FIFTH AFFIRMATIVE DEFENSE
(Waiver and Estoppel)

JLT asserts that Shipman has waived and/or is estopped to assert, in whole or in part, the First Amended Counterclaim upon which she seeks relief.

#### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands/Laches)

JLT asserts that Shipman's First Amended Counterclaim is barred by the doctrine of unclean hands and/or laches.

#### SEVENTH AFFIRMATIVE DEFENSE
(Acts and Omissions)

JLT asserts that Shipman's First Amended Counterclaim is barred because Shipman caused, contributed to, or increased by her own actions or omissions any damages she is claiming to have suffered as a result of JLT's alleged acts.

#### EIGHTH AFFIRMATIVE DEFENSE
(Workers' Compensation Exclusive Remedy)

JLT asserts that Shipman's First Amended Counterclaim is barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act. Cal. Labor Code § 3600 et seq.

#### NINTH AFFIRMATIVE DEFENSE
(Managerial Discretion)

JLT asserts that its conduct was a fair and reasonable exercise of managerial discretion undertaken for a fair and honest reason and regulated by good faith under the circumstances.

#### TENTH AFFIRMATIVE DEFENSE
(Legitimate Non-Retaliatory Reason)

JLT asserts that Shipman's First Amended Counterclaim is barred because JLT acted at all times for legitimate, non-retaliatory business reasons and not in any part in retaliation for any alleged protected activity or for any other unlawful reason.

///

ELEVENTH AFFIRMATIVE DEFENSE

(Privilege and Justification)

JLT asserts that all of the actions attributed to JLT in Shipman's First Amended Counterclaim were privileged and justified under the circumstances known to JLT

TWELFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

JLT asserts that any recovery on Shipman's First Amended Counterclaim is barred or reduced by after-acquired evidence of Shipman's misconduct that has or may be discovered.

**RESERVATION OF RIGHTS**

JLT presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. JLT hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action, and therefore reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, JLT prays as follows:

1. That Shipman take nothing by virtue of her First Amended Counterclaim in this action.
2. That judgment be entered in favor of JLT;
3. That JLT be awarded its costs of suit and attorney's fees incurred herein;
4. That JLT be awarded such other further relief as this Court may deem just and proper.

Dated: April 16, 2008.

COOK | ROOS | WILBUR | THOMPSON LLP

By _/s/ Susan H. Roos_
SUSAN H. ROOS
Attorneys for Plaintiff
JLT AEROSPACE (NORTH AMERICA), INC.

P041408 khscounterclaim reply.doc